IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>WILLIAM ANTHONY FLY,<br><br>　　　　Defendant. | Case No. 1:16-cr-184 |

**UNITED STATES' REQUESTED JURY INSTRUCTIONS**

United States v. William Anthony Fly, Crim. Case No. 1:16-cr-184

## UNITED STATES' REQUESTED JURY INSTRUCTION NO. 01

The Court is requested to provide a copy of the Superseding Indictment to the jury.

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# **UNITED STATES' REQUESTED JURY INSTRUCTION NO. 02**

VENUE

The United States must prove by the preponderance of the evidence that the offenses charged began, continued or were completed in the District of North Dakota.

To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. This is a lesser standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 3.13 (2014) (as modified)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

## **UNITED STATES' REQUESTED JURY INSTRUCTION NO. 03**

DESCRIPTION OF CHARGES; PRESUMPTION OF INNOCENCE

The Superseding Indictment in this case charges the defendant with transportation with intent to engage in criminal sexual activity in violation of Title 18, United States Code, Section 2421(a).

A Superseding Indictment is simply an accusation. It is not evidence of anything. To the contrary, defendant is presumed to be innocent of the crimes.  Thus, the defendant, even though charged, begins the trial with no evidence against him.  The presumption of innocence alone is sufficient to find defendant not guilty and can be overcome only if the United States proves, beyond a reasonable doubt, each essential element of the crimes charged.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 3.06 (2014) (as modified)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 04

DESCRIPTION OF CHARGE – TRANSPORTATION WITH INTENT TO ENGAGE

IN CRIMINAL SEXUAL ACTIVITY

The Superseding Indictment charges that William Anthony Fly knowingly transported C.F. across state lines with the intent to engage in a sexual act with C.F. for which a person may be charged with a crime, in violation of Title 18, United States Code, Section 2421(a), which provides, in pertinent part, that:

> [w]hoever, knowingly transports any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such individual engage in…any sexual activity for which any person can be charged with a criminal offense…

shall be guilty of an offense against the United States.

Title 18, United States Code, Section 2421(a)

United States v. William Anthony Fly, Crim. Case No. 1:16-cr-184

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 05

TRANSPORTATION WITH INTENT TO ENGAGE IN CRIMINAL SEXUAL ACTIVITY – ESSENTIAL ELEMENTS

The crime of interstate transportation of an individual to engage in criminal sexual activity, as charged in the Superseding Indictment, has two elements:

*One*, the defendant knowingly transported his daughter, C.F., across a state line or across a national border; and

*Two*, the defendant transported C.F. with the intent that C.F. engage in sexual activity for which a person can be charged with a criminal offense.

Sexual activity for which a person can be charged with a criminal offense means aggravated sexual abuse or incest.

Aggravated sexual abuse is a crime under the laws of the United States. Aggravated sexual abuse means that a person knowingly causes another person to engage in a sexual act by using force against that other person.[1]

Incest is a crime under the laws of the state of Texas. Incest means a person engages in sexual intercourse with another person the actor knows to be the actor's ancestor or descendant by blood or adoption.[2]

---

[1] Title 18 United States Code, Section 2241(a)(1)
[2] Texas Penal Code § 25.02(a)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

For you to find the defendant guilty of the crime charged in Count One of the Indictment, the United States must prove each of these essential elements beyond a reasonable doubt; otherwise you must find the defendant not guilty of this crime.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 6.18.2421 (2014) (in part).

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 3.09 (2014) (in part).

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# **UNITED STATES' REQUESTED JURY INSTRUCTION NO. 06**

"BETWEEN IN OR ABOUT"

The Indictment charges that the offense alleged in Counts One was committed "between in or about February 2016 and in or about May 2016".

Although it is necessary for the United States to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Superseding Indictment, it is not necessary for the United States to prove that the offenses were committed precisely on the dates charged.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 13.05 (6th ed. 2015) (as modified)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 07

## "FORCE" DEFINED

"Force" as used in these instructions may be found if there was:

(1) the use, or threatened use of a weapon;

(2) the use of physical force sufficient to overcome, restrain, or injure a person;

(3) the use of a threat of harm sufficient to coerce or compel submission by the victim; or

(4) force sufficient to prevent a victim from escaping.

The fact that a victim was able to escape from the sexual contact or sexual act does not prevent a finding that the sexual contact or sexual act was caused by force if the sexual contact or sexual act, or attempt, prior to the victim's escape was accomplished by the use of force.

<u>United States v. Allery</u>, 139 F.3d 609, 611-12 (8th Cir.), <u>cert. denied</u>, 524 U.S. 962 (1998)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 08

## "SEXUAL ACT" DEFINED

"Sexual act" as used in these instructions may be found if there was:

    (1) contact between the penis and the vulva or the penis and the anus;

    (2) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; or

    (3) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Title 18, United States Code, Section 2246(2)

United States v. William Anthony Fly, Crim. Case No. 1:16-cr-184

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 09

## "SEXUAL INTERCOURSE" DEFINED

"Sexual intercourse" as used in these instructions may be found if there was any penetration of the female sex organ by the male sex organ.[3]

---

[3] Texas Penal Code Section 25.02(b)(2)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# UNITED STATES' REQUESTED JURY INSTRUCTION NO. 10

"KNOWINGLY"

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake or accident. The United States is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 7.03, Committee Comments (2014)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# **UNITED STATES' REQUESTED JURY INSTRUCTION NO. 11**

"PROOF OF KNOWLEDGE OR INTENT"

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

Further, the intent of the defendant to have transported C.F. across state lines to engage in criminal sexual activity must be a motivating or dominant factor; however, it need not be the sole purpose in making the interstate journey.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice Instructions</u> § 17:07 (6th ed. 2015) (as modified)

<u>Mortensen v. United states</u>, 322 U.S. 369, 374 (1944).

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# **UNITED STATES' REQUESTED JURY INSTRUCTION NO. 12**

INFERENCES – DEFINED

 Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice Instructions</u> § 12.05 (6th ed. 2015)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

## **<u>UNITED STATES' REQUESTED JURY INSTRUCTION NO. 13</u>**

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, which is, proof a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

The essential elements of a crime may be proved by circumstantial evidence alone. It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense and experience.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 12.04 (6th ed. 2015) (as modified)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

## UNITED STATES' REQUESTED JURY INSTRUCTION NO. 14

DEFENDANT'S PRIOR SIMILAR ACTS IN SEXUAL ASSAULT AND CHILD MOLESTATION CASES (FED. R. EVID. 413 AND 414)

You have heard evidence that the defendant may have previously committed other offenses of sexual assault and child molestation.  The defendant is not charged with these other offenses.  You may consider this evidence only if you unanimously find it is more likely true than not true.  You decide that by considering all of the evidence and deciding what evidence is more believable.  This is a lower standard than proof beyond a reasonable doubt.

You may consider evidence of other acts of sexual assault and child molestation to help you decide any matter to which they are relevant.  You should give them the weight and value you believe they are entitled to receive.  You may consider the evidence for its tendency, if any, to show the defendant's propensity, intent, motive, knowledge, or opportunity to engage in sexual assault or child molestation, as well as its tendency to determine whether the defendant committed the act charged in the Superseding Indictment.

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit § 2.08A (2014) (as modified)

<u>United States v. William Anthony Fly</u>, Crim. Case No. 1:16-cr-184

# **UNITED STATES' REQUESTED JURY INSTRUCTION NO. 15**

PUNISHMENT

The punishment provided by law for the offenses charged in the Indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the defendant.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 20.01 (6th ed. 2015) (in part)